## LIABILITY FOR NEGLIGENCE OF A LESSOR TRACTION COMPANY.

Circuit Court of Cuyahoga County.

WILLIAM H. KIRKBRIDE v. THE CLEVELAND ELECTRIC
RAILWAY COMPANY.[*]

Decided, March 12, 1907.

*Street Railways—Negligence—Operating Company Liable for Injury from Defective Appliances.*

A company operating a street railway under a license agreement with another company, may be liable for injuries caused by a horse becoming frightened by flashes of light from electric appliances, which are defective or improperly installed, even though they are installed by the lessor company.

*W. C. Ong,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

---

[*]Affirmed without opinion, *Cleveland Electric Railway Co.* v. *Kirkbride,* 79 Ohio State, 448.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The parties here are as they were in the court below. Kirk-bride sued the Cleveland Electric Railway Company for injuries received to his person, as he says, by the negligent conduct of the Cleveland City Railway Company and his suit against the Cleveland Electric Railway Company is because upon a taking over of the Cleveland City Railway Company, the former assumed all the liabilities of·the latter company existing at the time the property was taken over, and he says that the liability to him existed at that time; and this is true if there was any liability to him.

On the 25th of April, 1903, the plaintiff was driving to the west, crossing the central viaduct in the city of Cleveland. A part of this viaduct is a swinging bridge, for the purpose of allowing vessels which are too high to pass under the bridge, to pass up and down the river, when the bridge is swung open. The Cleveland City Railway Company was, at the time, operating its street cars upon the tracks crossing the viaduct above mentioned, and there was necessarily a division of those tracks at each end of the swinging bridge. The motive power of the cars was electricity, which was supplied from an overhead wire or cable along the middle line of the tracks, and this was conducted to the car by a trolley pole in the ordinary way. Necessarily there was a space at each end of the swinging bridge, between that which was upon the swinging bridge, and that which was upon the other part of the viaduct.

At the time referred to a car of the Cleveland City Railway Company was moving west in the same direction that the plaintiff was driving; the head of the plaintiff's horse about even with the rear end of the car, but the horse and the vehicle to which it was attached, was at the right-hand side of the line of railroad. The sidewalk on the right-hand or north side of the bridge was somewhat elevated above the driveway and was so near to the northerly rail that there was but little more than room enough between this sidewalk and such rail for vehicles to be driven along that space. The plaintiff in his petition alleges that as the westerly end of the swinging bridge was reached, the trolley over the car which was going west, as it

passed from the cable which was on the bridge to that which was on the viaduct west of the bridge, produced a very vivid flash of light, which frightened the plaintiff's horse, causing him to run away and throw the plaintiff out of his wagon against an iron post, causing great injury to his person. He says that this extraordinary flash of light was caused by negligence in the construction of the overhead device for carrying the electric current and communicating it to the car, and further he charges that it was caused by the negligent operation of the car by those then in charge of it.

The defendant answered this petition with a general denial, except that it admitted that it was a corporation. Upon the trial, however, it was admitted that the defendant did take over the property of the Cleveland City Railway Company, at the time stated in the petition, and that it did assume all the obligations of the Cleveland City Railway Company. Evidence on the part of the plaintiff was introduced tending to show that there was an extraordinary flash of light, that at the instant of this flash the plaintiff's horse became frightened and ran away and that he sustained the injuries alleged in his petition. Evidence was also introduced on the part of the plaintiff, tending to show that the overhead construction was not as it should have been, and tending to show that there was negligence in the operation of the car.

On the part of the defendant evidence was introduced tending to show that at the time of the accident, the overhead device and arrangement was constructed by the present defendant and was at the time of the accident owned by the present defendant, and that under some arrangement with this defendant they were permitted to use it in the operation of their cars. Evidence was also introduced by the defendant, tending to show that the bridge would settle somewhat, perhaps four or five inches, as a car upon it neared the end of it, so that when a car was traveling from the bridge to the permanent portion of the viaduct, the track over which it was moving was several inches lower than that upon which it was to go; that there was, therefore, necessarily a jolt when the car left the bridge for the permanent portion of the structure, which was attended with considerable

noise.   And further, that the bridge trembled somewhat under the strain of the car as it neared the end of the bridge.   The defendant contends that the frightening of the horse might be occasioned as well by the trembling of the bridge or the jolting noise of the car, as it left the bridge for the permanent portion of the viaduct, as by the extraordinary flash of light, if there was such flash.

The result of the trial in the court below was a verdict and judgment for the defendant, to reverse which this proceeding is prosecuted here.

Complaint is made of the ruling of the court upon questions of evidence, all of which have been examined and no error to the prejudice of the plaintiff found in any of them.

Complaint is further made that the court erred in its charge to the jury when it used these words:

"So that if you find it equally probable that plaintiff's horse took fright from the noise made by a car passing off the drawbridge or by the swaying of the drawbridge, as that it was frightened by a flash of electricity, as claimed, you would not be warranted in finding that such flash was the proximate cause of the injuries complained of."

This language is justified both by reason and authority.

Complaint is also made that the court erred in refusing to charge the several propositions requested by the plaintiff.

The first of these requests reads:

"If wires charged with currents of electricity were by the Cleveland Electric Railway Company placed in the public streets and highways or suspended above them as a motor power for operating its street cars the danger was great, and the care exercised in the construction, maintenance and operation of its cars by electricity must be proportionate to the dangers in the use of same.   In the use of electricity in such public places reasonable or ordinary care is *great care*."

Numerous authorities are cited in support of this proposition, but we think, in view of what was said by the court in its charge to the jury, the defendant was not prejudiced by the refusal to give this charge.

The court said, as appears on page 207 of the bill of exceptions:

"I say to you that said company in operating its cars across the viaduct was bound to exercise that reasonable care and caution to prevent injuries to others which persons of ordinary prudence, engaged in that or a like business are accustomed to exercise under the same or similar circumstances, having under the same or similar circumstances regard to the instrumentalities employed and the dangers reasonably to be apprehended therefrom."

We think this also covers properly what was asked for by the second and third and fourth requests of the plaintiff. The fifth request reads:

"A street car company is not liable for accidents arising from fright to horses caused by the usual and careful operation of its road if its employees such as motormen and conductors are free from negligence, and that negligence must be determined by the jury from all the facts and circumstances in the case."

Surely there was no prejudice to the plaintiff in refusing this. If anybody was prejudiced by it, it would be the defendant and not the plaintiff.

Complaint is further made of portions of the charge, which have the effect of relieving the defendant from liability because of any faulty construction of the overhead appliances. A number of passages in the charge do give such instruction. Among other things the court said, as appears upon page 210 of the bill of exceptions:

"If, from consideration of all the facts and circumstances as you find them to be from the testimony, the jury deem it equally probable that the injuries complained of were caused by the negligence of the Cleveland City Railway Company through the motorman in charge of the car in question, as claimed, or that such injuries were caused in some other way, as for example, by the negligence of some other person or company, you would not be warranted in finding that it was proved by the preponderance of the testimony that the Cleveland City Railway Company was thus negligent."

In another part of the charge the court said:

"You will observe that in the petition no negligence is charged against the defendant, the Cleveland Electric Railway directly, and consequently no recovery can be had by reason

of any negligence of that company, even though you find it was negligent.''

Now the only negligence that could have been claimed against the Cleveland Electric Railway Company under the pleadings in this case was upon the ground that there was faulty construction in the overhead appliances.

The defendant says, if there was such faulty construction that faulty construction was its own negligence, that is the negligence of the defendant, because it says it constructed these overhead appliances and that as recovery here is, only sought against the defendant because it has been substituted on account of its contract with the Cleveland City Railway Company, for such last named company.  That is to say, the court charged upon the assumption that though the Cleveland City Railway Company may have been operating at the time with defective appliances overhead, and though the cause of the injury complained of may have been through the use of such defective appliances still the plaintiff could have no recovery.  In this we think there was error.

Suppose instead of the Cleveland Electric Railway Company having constructed these overhead devices which were being used by the Cleveland City Railway Company at the time of the accident, it had been some stranger to these proceedings.  Suppose John Doe had constructed these devices and appliances and the Cleveland City Railway Company were the ones who had used them; suppose these appliances to have been entirely unsuitable, and to use them had been negligence, it surely would not relieve the Cleveland City Railway Company from liability for an injury caused, because of these improper devices and appliances.  See *Jacobs* v. *Fuller et al*, 67 Ohio St., 70; *Bridge Company* v. *Steinbrock et al*, 61 Ohio St., 215.

Surely the Cleveland Electric Railway Company because it assumed the liabilities of the Cleveland City Railway Company would be no less liable for the negligent acts of the last named company, because those negligent acts consisted in using a defective device constructed by the Cleveland Electric Railway Company, than in using a defective device constructed by John Doe.  Not only is this so, but the court assumed in its

charge that it was established or conceded that the construction of the overhead devices, whether suitable or unsuitable, were put up, and at the time of the accident owned by the Cleveland Electric Railway Company. We find no such admission in the record.

Evidence was introduced tending to show this, and no evidence tending to disprove it, but it was for the jury and not for the court to say whether the fact was so or not. *Gannon* v. *Gas Company*, 145 Missouri, 502.

From what has been said here the court erred in giving in charge to the jury the fourth, fifth, seventh, thirteenth, fourteenth and fifteenth requests of the defendant. As illustrative of these several requests the thirteenth is here quoted. It reads:

"13th. If the jury find it to be equally reasonable that the flash, if one occurred, was caused alone by the negligent construction or repair of the trolley wire, as by the negligent operation of the car, there can be no recovery by the plaintiff in this case."

The fifth and sixth requests read as follows:

"5th.  *  *  *  The plaintiff is entitled to have the jury determine the credibility of the testimony offered, even though he offer nothing to contradict that presented by defendant. Nor can the court assume as a matter of law that the testimony is true, satisfactory or convincing to the jury, simply because no one by words contradicted what has been uttered.

"6th. Before proof can be said to be made of any fact there must be both the testimony of a witness or witnesses, and the acceptance of that testimony as true by the jury. Uncontradicted testimony can not be treated as conceded facts."

As to the application of the doctrine of *res ipsa loquitor* to this case see *March* v. *Railway Co.*, 7 C.C.(N.S.), 405.

For the errors pointed out the judgment is reversed and the cause remanded.